**Derrick CAMPBELL, Petitioner–Appellant,**

v.

**Mary BERGHUIS, Warden, Respondent–Appellee.**

No. 02–2185.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

*ORDER*

This is an appeal from a district court judgment denying a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Derrick Jerome Campbell was found guilty by a Michigan state court jury of delivery of less than fifty grams of cocaine and of being a habitual offender. Campbell filed a § 2254 petition in 2000 in which he challenged the constitutionality of his conviction and 16—40 year term of imprisonment. The matter was referred to a magistrate judge who recommended that Campbell's petition should be denied. The district court adopted this recommendation, over Campbell's objections, and then denied a timely Fed.R.Civ.P. 59(e) motion to alter or amend this judgment. Campbell took an appeal from this decision. The district court subsequently granted Campbell a certificate of appealability, in the context of denying a Fed.R.Civ.P. 60(b) motion, on one issue.

The sole issue presented for appeal is whether the district court erred in denying habeas corpus relief on the strength of a claim of newly discovered evidence of Campbell's actual innocence. This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). A de novo review of the record and law supports the district court's legal conclusion to deny this claim.

Campbell was convicted of his drug offense on the strength of the testimony of a police informant. The informant testified that he entered an automobile at a pre-arranged time and place to purchase cocaine from Campbell. The automobile arrived with Campbell driving and a third individual, Donald Carlton, in the passenger seat. The informant said, immediately after the cocaine purchase, that he had received his cocaine directly from Campbell in exchange for the agreed-upon purchase price. The informant also testified to this effect at Campbell's trial. In turn, Campbell's trial counsel asked for, and received, a subpoena for Carlton to testify at Campbell's trial. Carlton, however, took the stand and invoked his Fifth Amendment privilege against self-incrimination. This did not prevent Campbell's counsel from arguing to the jury that Carlton was, in fact, the actual cocaine dealer in the automobile transaction and that the informant was lying to curry favor with the police. The jury was not persuaded and found Campbell guilty of the offense of conviction. In his state court filings, Campbell repeatedly asked for post-conviction relief on the basis of newly discovered evidence, namely, an affidavit from Carlton in which he claims to have been the actual cocaine dealer.

Campbell presented his independent, "newly discovered evidence of actual innocence" claim in his § 2254 petition along with several other claims. The district court denied all the claims presented but granted Campbell a certificate of appealability to appeal the free-standing "newly discovered evidence" claim in the course of denying a motion for relief from judgment filed after the notice of appeal. This is the only issue before this panel.

The appeal lacks merit. Campbell's claim is that he has newly discovered evidence of his actual innocence of the crime of cocaine dealing. Campbell does not set forth this ground for relief in the context of a specific constitutional deprivation. The law is clear. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (citing *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Campbell presented this exact claim, to no avail, to the Michigan appellate courts. "Federal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle,* 463 U.S. 880, 887, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Campbell's appeal of this specific district court decision lacks support in law.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.